UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:19-CV-00027-JHM

**JOE HAND PROMOTIONS, INC.**                                                                          **PLAINTIFF**

V.

**VIRGIL COAKLEY d/b/a KICKIN**                                                                        **DEFENDANT**
**BAR & GRILL**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Joe Hand Promotions, Inc.'s Motion for Default Judgment. [DN 17]. Fully briefed, this matter is ripe for decision. For the following reasons, the Joe Hand Promotions' Motion is **DENIED**.

### I. BACKGROUND

Joe Hand Promotions alleges that it held the exclusive commercial distribution rights to the broadcast of a program. [DN 1 ¶ 1]. It asserts that, without its permission, Defendant Virgil Coakley, owner of Kickin Bar & Grill, exhibited the program to patrons. [*Id.* at ¶ 9]. As a result, Joe Hand Promotions sued Coakley for violating 47 U.S.C. § 605 and, in the alternative, 47 U.S.C. § 553. [*Id.* at ¶ 3]. The Court eventually entered a warning order and appointed a warning order attorney for Coakley. [DN 11]. Coakley was constructively summoned. [DN 17 at 1]. When Coakley failed to appear, answer, or otherwise respond to the Complaint, the Clerk made an entry of default on the request of Joe Hand Promotions. [DN 16]. Joe Hand Promotions now asks that the Court for a default judgment. [DN 17, DN 21].

### II. STANDARD OF REVIEW

"A party who fails to 'plead or otherwise defend' may have an entry of default entered against him." *Duracore Pty. Ltd. v. Applied Concrete Tech., Inc.*, No. 5:13-CV-184-TBR, 2014

WL 5824770, at * 1 (W.D. Ky. Nov. 10, 2014) (quoting FED. R. CIV. P. 55(a)). "After an entry of default has been entered, the plaintiff may move for default judgment." *Id.* (quoting FED. R. CV. P. 55(b)).

### III. DISCUSSION

Joe Hand Promotions argues that it is entitled to a default judgment because Coakley has failed to appear or otherwise file a responsive pleading. [DN 17 at 3]. However, under K.R.S. § 454.165, "[n]o personal judgment shall be rendered against a defendant constructively summoned, and who has not appeared in the action, except as provided in [Kentucky's Long-Arm Statute]." *See Morse v. Morse*, No. 2018-CA-000548, 2019 WL 2246058, at *2 (Ky. Ct. App. May 24, 2019); *see also Dalton v. First Nat'l Bank of Grayson*, 712 S.W.2d 954, 958 (Ky. Ct. App. 1986) ("Constructive service is sufficient merely to confer jurisdiction *quasi in rem*.") (citation omitted).

Joe Hand Promotions correctly acknowledges that Kentucky courts have not often addressed the issue of how K.R.S. § 454.165 bears on cases like the one at issue. [DN 21 ¶ 10]. Nevertheless, the Court does not find the case that Joe Hand Promotions relies on persuasive because *Sache v. Beams*, 337 S.W.2d 678 (Ky. 1960) does not address K.R.S. § 454.165. There are cases outside of Kentucky that find personal judgments against constructively served defendants violative of due process. *See GE Capital Franchise Fin. Corp. v. CCI of W. Boca Raton, Inc.*, No. 08-80-252-CIV-MARRA, 2008 WL 11333493, at *1 (S.D. Fla. Nov. 25, 2008) ("A personal judgment against [the defendant] based on constructive service would deprive [the defendant] of its property without due process of law. It is well established that a defendant must be personally served in order to obtain a money judgment against him or her"); *see also Am. Auto. Ass'n, Inc. v. In Charge Marketing, Inc.*, No. 6:11-cv-668-Orl-18DAB, 2011 WL 13298878, at *2

2


(M.D. Fla. Aug. 16, 2011). Thus, the Court holds that K.R.S. § 454.165 prohibits it from rendering a personal judgment against Coakley.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Joe Hand Promotions' Motion for Default Judgment [DN 17] is **DENIED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

April 20, 2020

cc: counsel of record